NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 2 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN ARMSTRONG; et al.,

Plaintiffs-Appellees,

v.

GAVIN NEWSOM, Governor;
CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,

Defendants-Appellants.

No.    21-15614

D.C. No. 4:94-cv-02307-CW

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted September 21, 2022
San Francisco, California

Before:  GRABER, FRIEDLAND, and MILLER, Circuit Judges.

The California Department of Corrections and Rehabilitation and the

Governor (collectively, "Defendants") appeal from an order in which the district

court required Defendants to take certain steps to correct ongoing violations of

disabled inmates' rights in five California prisons.  We address the merits of

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Defendants' claims in a published opinion filed concurrently with this memorandum disposition. Here, we address Defendants' challenges to the district court's discovery and evidentiary rulings.

1. Defendants' due process rights were not violated by the limitations that the district court placed on their ability to depose inmates. "Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1047 n.16 (9th Cir. 2016) (quoting *Sablan v. Dep't of Fin.*, 856 F.2d 1317, 1321 (9th Cir. 1988)) (internal quotation marks omitted).

The district court permitted Defendants to conduct ten inmate depositions—the default maximum number provided in the Federal Rules of Civil Procedure and thus a presumptively reasonable quantity. Fed. R. Civ. P. 30(a)(2)(A)(i). The additional limitation that the district court placed on those depositions—that Defendants proffer "some reason" for taking an inmate's deposition—was not unreasonable, particularly considering the fact that the discovery took place during the height of the COVID-19 pandemic. *See also* Fed. R. Civ. P. 30(a)(2)(B) (requiring a party to "obtain leave of court" before conducting a deposition "if the deponent is confined in prison"). In any event, Defendants have not shown that

they were prejudiced by the district court's limitations, given that they did not take advantage of all the depositions they were allowed.

2. Defendants next contend that the district court improperly considered evidence that Plaintiffs submitted with their sur-rebuttal. But "we will not reverse" a district court's evidentiary decision "unless the ruling is manifestly erroneous." *Tan Lam v. City of Los Banos*, 976 F.3d 986, 1004–05 (9th Cir. 2020) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997)). That is not the case here, where the only challenged evidence on which the district court relied was data that Defendants had produced to Plaintiffs in the first instance. Moreover, Defendants take issue only with Plaintiffs' *interpretation* of the data—not the *admission* of the data.

3. Finally, Defendants argue that the district court improperly considered inmates' declarations that were not signed by the inmates. We decline to consider that argument because it was not raised before the district court and, if it had been, the lack of signatures could have been remedied. *See Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1063 (9th Cir. 1996) ("As a general rule, we will not consider an issue raised for the first time on appeal.").

**AFFIRMED.**